RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
5  8  15

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DARRELL SMALL                              DOCKET NO. 15-CV-944; SEC. P

VERSUS                                     JUDGE DRELL

WARDEN                                     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Darrell Small, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 30, 2015. [Doc. #1]  Petitioner is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that he is being unlawfully detained in violation of the constitution of the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Allegations and Procedural Background

Petitioner alleges that, on August 10, 2014, he was unlawfully arrested without a warrant or summons. He claims that he should have been released from jail because he did not have a probable cause hearing/determination within forty-eight hours of his arrest.

Petitioner filed a petition for writ of habeas corpus on February 11, 2015, in the 10th Judicial District Court, which was set for hearing on April 20, 2015.

Petitioner seeks a release from custody as well as monetary

damages.

### *Law and Analysis*

First, damages are not recoverable by way of a petition for writ of habeas corpus.  See Wilkinson v. Dotson, 544 U.S. 74, 91, (2005), citing Muhammad v. Close, 540 U.S. 749 (2004).  Thus, Petitioner fails to state a claim for monetary relief.

Next, a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). However, under §2241 "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973).  The Supreme Court's discussion in Braden shows that this distinction typically turns on the type of relief sought by a petitioner: **"an attempt to dismiss an indictment or otherwise prevent a prosecution" is normally not attainable through a federal habeas corpus action**, while "an attempt to force the state to go to trial" is, although a requirement of exhaustion of state remedies must be met.  See Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)(emphasis added).  Thus, absent "special circumstances" pre-trial habeas relief is available only to enforce

a state's obligation to bring a defendant promptly to trial. Dickerson, 816 F.2d at 224.  In the present case, it is clear that Petitioner's conviction is not yet final. The Court can find nothing in Petitioner's application for writ of habeas corpus that indicates "special circumstances" exist which would allow the Court to consider the merits of his claims before he has been tried.

Next, Petitioner has not shown that he exhausted his state court remedies. See Braden, 410 U.S. at 490.  Although §2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interference with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under §2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Id. (citing Braden, 410 U.S. at 490-91).

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented

*to the state's highest court in a procedurally proper manner*.   See
<u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).   Based on the
information in the record, the state courts have not had the
opportunity to consider or resolve the issues Petitioner raises. In
fact, at the time of filing, Petitioner's state habeas petition had
not yet been heard.   He cannot show that the highest state court
with criminal law jurisdiction has been given a fair opportunity to
consider Petitioner's claims, and he has not presented exceptional
circumstances that would justify this Court's intervention.   Thus,
comity requires this Court to defer.

In sum, Petitioner's application for federal habeas corpus
relief must be dismissed because his claim is insufficient to
justify federal habeas relief and because he has failed to exhaust
state remedies.   Pre-trial habeas relief is not available to
consider his claims under the circumstances of this case, as
federal habeas relief should not be used as a "pre-trial motion
forum for state prisoners." <u>Dickerson</u>, 816 F.2d at 229.  "Derailing
of a pending state proceeding by an attempt to litigate
constitutional defenses prematurely in federal court" is not
allowed. <u>See</u> <u>Braden</u> at 493.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition
for writ of habeas corpus be dismissed without prejudice for
failure to exhaust.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE